UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO RODRIGUEZ MORALES,

Petitioner,

v. Case No.: 2:26-cv-01692-SPC-KRH

ICE FIELD OFFICE DIRECTOR *et al.*,

Respondent,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Ricardo Rodriguez Morales's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Rodriguez Morales is a native of Cuba who entered the United States on January 17, 1996. Immigration and Customs Enforcement ("ICE") commenced removal proceedings on December 29, 2017, and charged him as removable due to convictions for theft and disorderly conduct. An immigration judge ordered Rodriguez Morales removed to Cuba on January 18, 2018, and Rodriguez Morales waived appeal. ICE released Rodriguez Morales under an order of supervision on April 20, 2018. On January 20, 2026, local police arrested Rodriguez Morales during a traffic stop and handed him over to ICE.

Rodriguez Morales challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001). The

government's response is based on a misunderstanding of the Immigration and Nationality Act. The government certifies it is detaining Rodriguez Morales under 8 U.S.C. § 1226(a) and argues he must exhaust administrative remedies available under that section. But § 1226 governs detention pending a decision on whether the noncitizen should be removed from the United States. When a removal order becomes final, § 1231 governs detention. *Johnson v. Gusman Chavez*, 594 U.S. 523, 533-34 (2021). The government does not respond to Rodriguez Morales' *Zadvydas* claim or argue that continued detention is proper under § 1231.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably

removals could be accomplished in [90 days].” *Id* at 701. So, “for the sake of uniform administration in the federal courts,” it established a “presumptively reasonable period of detention” of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*’s burden-shifting framework applies. Rodriguez Morales has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2018, and the U.S. has no agreement with Cuba to pave the way for repatriation. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Rodriguez Morales will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Rodriguez Morales to “assur[e] [his] presence at the moment of removal.” *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Ricardo Rodriguez Morales's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Rodriguez Morales within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. Within 48 hours of this Oder, the respondents shall certify Rodriguez Morales has been released from custody.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record